

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILOXI BEST, LLC**                                                           **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO** 1:15cv49 LG-RHW

**LANDMARK AMERICAN INSURANCE COMPANY**                                    **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW, the Plaintiff, Biloxi Best, LLC ("**Biloxi Best**"), by and through its counsel of record, The Casano Law Firm, P.A., and files this, its Complaint against the Defendant, Landmark American Insurance Company (collectively referred to as "**Landmark**") and alleges the following, to-wit:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of the jurisdictional limits of this Court, as well as for declaratory relief pursuant to Fed. R. Civ. P. 57, and for additional equitable relief.

2. Jurisdiction is proper in this Court under 28 U.S.C. §1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property insured by the Defendant's policy at issue in this case is situated in this judicial district, and a substantial part of the events giving rise to the Plaintiff's claims occurred in this district. Venue is proper in this Court under 28 U.S.C. §1391, the general statute, including subsections (a) and (c) thereof.

3. At all times material hereto, Biloxi Best, LLC was a Mississippi Limited Liability Company owning property located at 1686 Beach Boulevard, Biloxi, Harrison County, Second Judicial District, Mississippi 39531.

4. At all times material hereto, Landmark American Insurance Company is a surplus lines carrier duly authorized to conduct the business of insurance in the State of Mississippi, and was and is engaged in the business of insurance in Harrison County, First Judicial District, Mississippi and throughout the State of Mississippi. Landmark American Insurance Company is a foreign insurance company doing business within the State of Mississippi, that may be served with process of this Court upon Mike Chaney, Mississippi Insurance Commissioner, Mississippi Insurance Department, 1001 Woolfork State Office Building, 501 North West Street, Jackson, Mississippi 39201.

5. In consideration of the premiums paid, Landmark issued to Biloxi Best, LLC in Biloxi, Harrison County, Second Judicial District, Mississippi, a policy of commercial insurance bearing policy number LHD381933 (hereinafter "**the Policy**"). A copy of the policy is attached hereto and incorporated herein as Exhibit "A." This Policy was in full force and effect when damage occurred to the insured property located at 1686 Beach Boulevard, Biloxi, Mississippi 39531 as a result of water damage from a fire protection sprinkler system on or about August 1, 2013 (hereinafter "**the loss**").

6. As a result of the loss, the property insured by Biloxi Best, LLC was damaged and/or destroyed, including walls, flooring, ceilings, contents and/or personal property situated therein, as well as other items located at or upon the insured property.

7. The loss and ensuing damages as a result thereof are covered by the commercial policy issued by the Defendant.

8. Biloxi Best, LLC purchased the commercial policy from Landmark as a way to insure against property damage that could potentially result from losses such as the one at issue herein, including any and all damage proximately, efficiently, and otherwise caused by the loss.

2

9. When selling the commercial policy to Biloxi Best, LLC and subsequently collecting premiums under the policy, Landmark expressly and/or implicitly represented to Biloxi Best, LLC that it would have full and comprehensive coverage for any and all losses, including any and all damage proximately, efficiently and typically caused by the type of loss at issue herein.

10. Because of the representations of coverage made by Landmark, Biloxi Best, LLC was left with the belief and reasonable expectation that the commercial policy would provide full and comprehensive coverage for the loss and related damage sustained to the insured's property. In this case, there is no question that Biloxi Best, LLC has established a loss that is covered by the general insuring language of the Policy.

11. An insurance contract is a contract of adhesion, and should be construed in the light most favorable to the insured.

12. The concept of insurance is that insurance is the insurer's granting of prompt indemnity or security against a contingent loss.

13. Inherent in any insurance contract is the premise that payment must be made promptly so that the insured may mitigate his/her/its damages and be put back into the position he/she/it was, prior to the loss, and as quickly as possible.

14. A special relationship exists between an insurer and its insured, and is commonly described as one of the utmost of good faith and fair dealing.

## BREACH OF CONTRACT

15. The damages and/or losses Plaintiff sustained as a result of the loss were those for which coverage is provided for in the Landmark policy of insurance (Causes of Loss - Special Form) and under Mississippi law.

16. As provided by the law in the State of Mississippi, once the Plaintiff provided to Landmark evidence of the loss, it became Landmark's burden to prove what part, if any, of the loss was excluded under the terms of the policy.

17. Landmark abandoned and breached its duty to conduct a timely, thorough and competent inspection of the Plaintiff's losses, and has still continued to do so as of the date of this filing.

18. By issuing the subject policy to the Plaintiff, and accepting premium payments thereon, Landmark contractually agreed to pay for losses covered by the policy under Mississippi law. Landmark has not paid this legitimate claim, and thus has breached its contract of insurance with the Plaintiff. Landmark is liable to the Plaintiff for breach of contract, and owes the Plaintiff damages under the terms of the contract of insurance and Mississippi law, together with interest on said amounts from the date of denial through the date of payment in an amount not less than 8% per year. Plaintiff demands payment, as well as the full benefits of all areas of coverage under the subject policy of insurance.

## NEGLIGENCE/GROSS NEGLIGENCE/FAILURE TO INVESTIGATE

19. Landmark had a duty under the subject policy of insurance to fully and timely investigate the claims of its insured arising from the loss, and to pay the Plaintiff for covered losses.

20. To date Landmark's investigation is still ongoing and therefore, the Defendant negligently, grossly negligently, maliciously, and/or with reckless disregard for the rights of the Plaintiff, have breached said duty.

## DAMAGES

21. As the proximate result of the aforesaid wrongful conduct of Defendant, set forth in all of the preceding paragraphs, which are fully incorporated herein, the Plaintiff suffered actual damages in the amount of the full contract damages under the subject policy of commercial insurance, as well as other benefits that were due under the terms of the insurance policy. As a further proximate result of Landmark's breach of its duties under the subject policy of insurance; and the other acts and omissions of Defendant, as described in all of the preceding paragraphs, the Plaintiff has suffered the damages discussed throughout this Complaint, including but not limited to loss of insurance premiums, business economic loss, property damage, financial expenses, and other incidental damages all to the Plaintiff's general damage, all of which were foreseeable to Defendant at the time of, and in the event of the acts and omissions discussed in the preceding paragraphs.

22. As the proximate result of the aforesaid wrongful conduct of Defendant, set forth in all of the preceding paragraphs which are fully incorporated herein, the Plaintiff was forced to hire attorneys, and incur substantial time and expense in pursuing this civil action to compel Defendant to pay the benefits due to the Plaintiff under the policy. Delay in payment of claims is an integral, and for Defendant a profitable, part of the scheme of fraudulent, tortuous, and bad faith claims practices giving rise to this suit. Said delay has exacerbated the extra-contractual damages suffered and incurred by the Plaintiff, for all of which damages should be awarded in this action.

23. Some or all of the acts and omissions of Defendant described in all of the preceding paragraphs, which are fully incorporated herein, were grossly negligent; and/or were attended by circumstances of misrepresentations or concealment of material facts; malice; willful

5

and wanton conduct; and/or were committed with gross, reckless, and/or callous disregard for the rights of the Plaintiff. As such, the Plaintiff is entitled to an award of punitive damages from and against the Defendants, in an amount sufficient to punish Defendant for its wrongdoings, and to deter Defendant, and others similarly situated from committing similar outrageous acts in the future.

24. The acts and omissions of Defendant further justifies the imposition of consequential damages and attorneys' fees, in addition to punitive damages.

WHEREFORE PREMISIES CONSIDERED, the Plaintiff demands judgment from and against the Defendant, Landmark American Insurance Company, for actual and compensatory damages in the amount of $375,000.00, and for extra-contractual damages in an amount of $125,000.00, or an amount sufficient to compensate Plaintiff for its expenses and other incidental and consequential damages it has suffered as a result of Defendant's conduct, plus consequential damages as a result of Defendant's conduct, including reasonable attorneys' fees and expenses for having to hire attorneys to prosecute this claim, plus pre-judgment interest and post judgment interest in the amount allowed by law, but not less that 8% per annum.

Plaintiff further prays for punitive damages to be assessed against the Defendant, Landmark American Insurance Company, in the amount of $150,000.00, or an amount sufficient to punish Defendant for its wrongful conduct, and to deter like conduct in the future, and to serve as an example and a warning to others, so as to deter Defendant and other insurance companies from engaging in a similar course of conduct in the future. Plaintiff further prays for any and all additional relief, in favor of the Plaintiff, deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED, this the 10TH day of February, 2015.

**BILOXI BEST, LLC, Plaintiff**

BY:  THE CASANO LAW FIRM, P.A.

BY:  _____
     MICHAEL J. CASANO

Michael J. Casano, MSB #10085
THE CASANO LAW FIRM, P.A.
4370 Leisure Time Drive
Diamondhead, Mississippi 39525
Telephone No.: (228) 255-0035
Facsimile No.: (228) 255-0078

7